

**RECEIVED**
AUG 03 2016
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/16

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 3, 2016

*[handwritten note:]* At such time as the gov't is ready to seek forfeiture and to obtain adjudication of the absence of any rightful claims, the gov't should submit competent proofs, by affidavit or declarations, and not by default. 8-4-16 [signature]

**BY ECF and FAX**

Honorable Alvin K. Hellerstein
United States District Judge
500 Pearl Street
New York, N.Y. 10007

Re: *United States v. Certain Funds on Deposit in Various Accounts Detailed Herein, and All Funds Traceable Thereto*, 16 Cr. 2800 (AKH)

Dear Judge Hellerstein:

The Government respectfully submits this letter to provide the Court with an update as to the status of the above-captioned case.

On April 14, 2016, the Government filed an *in-rem* civil forfeiture complaint, 16 Cr. 2800 (AKH) (the "Complaint"), with respect to assets held in twenty (20) bank accounts (the "Defendant Assets") located throughout the world. The Civil Complaint alleges that the Defendant Assets are subject to civil forfeiture because they (1) constitute or were derived from proceeds traceable to wire fraud, and thus, are subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 984; (2) constitute property involved in various forms of money laundering, and are therefore subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 984.

Since the filing of the Complaint, the Government has endeavored to provide notice to all potential claimants with an interest in the Defendant Assets, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). As detailed below, the Government has done so through both internet publication available to the general public and through direct notice to all known potential claimants. To date, no claims have been filed with respect to any of the Defendant Assets.

As an initial matter, the Government commenced internet publication on or about April 21, 2016. The deadline for claims submitted based on that internet publication expired on June 20, 2016. No claims were filed with the Government with respect to any of the Defendant Assets based on that internet publication.

In addition to internet publication, the Government, pursuant to Rule G(4)(b), sent direct written notice to all known third parties with a potential interest in the Defendant Assets. Because the Defendant Assets are all located abroad and many third parties noticed by the Government are also abroad, the Government has carried out its direct notice efforts primarily through formal requests to foreign governments, made via Mutual Legal Assistance Treaties ("MLATs"), seeking their assistance in delivering notice to potential claimants in each respective country. Where permitted by foreign law, the Government has directly sent notice to the potential claimants by Federal Express. Once notice is, in fact, delivered to the foreign-based potential claimant, the claimant then has 35 days from the date of service to file a claim. See Supplemental Rule (4)(b)(ii)(B).

To date, the Government has sent direct notice via Federal Express to six third parties located abroad. The deadline for the filing of any claims based on those notices has passed, and no claims have been filed by any of those parties. Additionally, the Government has transmitted formal requests to six countries, seeking their assistance in providing notice to nine additional potential claimants. With respect to at least some of those countries, the Government is still awaiting confirmation from those foreign governments that notice has been given to the relevant claimant(s). Upon receipt of such confirmation, and assuming no claims are filed, the Government then intends to seek further relief from the Court in this matter, namely a default judgment with respect to each of the Defendant Assets.

Alternatively, if any claims are filed, the Government will notify the Court immediately and proceed to litigate any such claims before Your Honor.

                         Respectfully submitted,

                         PREET BHARARA
                         United States Attorney
                         Southern District of New York

By:    /s/
        Edward B. Diskant
        Assistant United States Attorney
        Tel.: (212) 637-2294