PREET BHARARA
United States Attorney for
the Southern District of New York
By:     EDWARD B. DISKANT
        Assistant United States Attorney
        One St. Andrew's Plaza
        New York, New York 10007
        Tel. (212) 637-2294

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
                Plaintiff,                              :
                                                        :      AFFIDAVIT OF ASSISTANT
                                                        :      UNITED STATES ATTORNEY
        - v. -                                          :      EDWARD B. DISKANT
                                                        :
                                                        :      16 Civ. 2800 (AKH)
CERTAIN FUNDS ON DEPOSIT IN VARIOUS                     :
ACCOUNTS DETAILED HEREIN, AND ALL                       :
FUNDS TRACEABLE THERETO,                                :
                                                        :
                Defendant-in-rem.                       :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF EDWARD B. DISKANT IN SUPPORT OF
MOTION FOR A FINAL JUDGMENT OF FORFEITURE
IN REGARD TO CERAIN ASSETS**

EDWARD B. DISKANT, pursuant to 28 U.S.C. § 1746, affirms under penalty of perjury as follows:

1. I am an Assistant United States Attorney in the Office of Preet Bharara, United States Attorney for the Southern District of New York, attorney for plaintiff herein. I have responsibility for the above-captioned matter, and as such, I am familiar with the facts and circumstances of this proceeding. This affidavit is submitted in support of the Government's

application for a Final Judgment of Forfeiture with respect to the following assets named in the above-captioned forfeiture action:[1]

    a. Any and all funds including but not limited to $284,483.00 in United States currency on deposit in account number 201100290413 at Eurobank Cyprus, Ltd., and all funds traceable thereto ("Subject Account-1");

    b. Any and all funds including but not limited to $7,087,347.00 in United States Currency on deposit in account number 001201100291563, in the name of Moonbigtwo at Eurobank Cyprus, Ltd., and all funds traceable thereto ("Subject Account-2");

    c. Any and all funds including but not limited to $324,705.00 in United States currency on deposit in account number 240-07-448428-01 in the name of Glendown Holdings at Hellenic Bank, Cyprus, and all funds traceable thereto ("Subject Account-3");

    d. Any and all funds including but not limited to €399,898.00 in Euros on deposit in account number 240-01-448428-01 in the name of Glendown Holdings at Hellenic Bank, Cyprus, and all funds traceable thereto ("Subject Account-4");

    e. Any and all funds including but not limited to $636,900.00

---

[1] Of the twenty accounts included in the Verified Civil Complaint filed on or about April 14, 2016, by the instant motion, the Government seeks a Final Forfeiture Judgment at this time only as to the assets in the fourteen accounts listed above, *i.e.* the Subject Funds. As described in more detail herein, since the filing of the Complaint, the Government has learned that four of the accounts identified in the Complaint as Subject Accounts -5, -6, -13, and -15, have no present balance and thus, the Government will also move to dismiss the action in regard to those four accounts. Similarly, with respect to Subject Account -16, the Government no longer wishes to proceed against this account, and will also move to dismiss the action as to that account as well.

Finally, with respect to the account identified in the Complaint as Subject Account -14, the Government has not yet confirmed that notice has been completed and will move, at a later date, with respect to that account should the Government be able to confirm that all potential claimants have been notified.

2

  in United States currency on deposit in account number LV69KBRB1111217256001, in the name of Deltaway Systems LP at Trasta Komercbanka, Latvia, and all funds traceable thereto ("Subject Account-7");

f. Any and all funds up to and including $320,000.00 on deposit in account number LV54MULT1010910170010, in the name of Burgenland AG Inc. at Meridian Trade Bank, Latvia, and all funds traceable thereto ("Subject Account-8");

g. Any and all funds including but not limited to $981,026.00 in United States currency on deposit in account number LV24CBBR1122808800010, in the name of Nokletto Industries Limited at Baltikum Bank AS, Latvia, and all funds traceable thereto ("Subject Account-9");

h. Any and all funds including but not limited to $3,030.90 in United States currency on deposit in account number LV43RTMB0000179806172, in the name of Max Crown S.A. at Reitumu Banka, Latvia, and all funds traceable thereto ("Subject Account-10");

i. Any and all funds including but not limited to $325,000.00 in United States currency on deposit in account number LV35RTMB0000628806803, at Reitumu Banka, Latvia, and all funds traceable thereto ("Subject Account-11);

j. Any and all funds including but not limited to $67,800.00 on deposit in account number LT674010044100013509, at AB BND Bankas, Lithuania, and all funds traceable thereto ("Subject Account-12);

k. Any and all funds including but not limited to €872,603.84 in Euros on deposit in account number HU05103000021053865248820011, in the name of "Romantick Style Ltd" at MKB Bank ZRT, Hungary, and all funds traceable thereto ("Subject Account-17");

3

    l. Any and all funds including but not limited to $67,520.37 on deposit in account number LV78LATB0006020137348, maintained in the name of "Ideals Solutions Group S.A.," at Norvik Banka JSC, Latvia, and all funds traceable thereto ("Subject Account-18");

    m. Any and all funds including but not limited to $2,911,745.26 on deposit in account number LV65KBRB1111216560001, maintained in the name of "Privaled Construction LP" at Trasta Komercbanka, Latvia, and all funds traceable thereto ("Subject Account-19");

    n. Any and all funds including but not limited to $3,836,200.00 on deposit in account number LV72KBRB1111232037001, maintained in the name of "Corwald Transit LP" at Trasta Komercbanka, Latvia, and all funds traceable thereto ("Subject Account-20");

((a) through (n) collectively, the "Subject Funds").

    2. On February 25, 2016, the United States commenced an *in rem* forfeiture action seeking the forfeiture of the above captioned Defendant in-rem, which includes the Subject Funds, by the filing of a Verified Complaint (the "Verified Complaint"). A true and correct copy of the Verified Complaint is attached hereto as Exhibit A and incorporated herein by reference herein.

    3. The Verified Complaint alleges that the Subject Funds are all subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C) and 984.

    4. Since the filing of the Verified Complaint, and as detailed further below, the Government has endeavored to provide notice of the Verified Complaint to any potential claimants for the Subject Funds. These efforts have included internet publication, mailed notice to the last known addresses of potential claimants/account holders, and requests to foreign governments to

provide notice to potential claimants. These notices have also informed potential claimants of the deadline for filing claims should they wish to pursue their interests in any of the Subject Funds. The deadline has now passed for the filing of any claims, and no claims have been filed with the Court or received by the Government.

5. In addition to direct written notice, beginning on or about April 21, 2016, and continuing through May 20, 2016, the Government published notice of the Verified Complaint against the Defendant in-rem on the official government internet site, www.forfeiture.gov. A true and correct copy of the proof of publication is attached hereto as Exhibit B.

### SUBJECT ACCOUNT-1

6. Based on documents obtained from Eurobank Cyprus, Ltd., where Subject Account-1 is located, I am aware that the only known account holder associated with Subject Account-1 provided a mailing address in Vilnius, Lithuania.

7. On or about June 15, 2016, the Government transmitted a Mutual Legal Assistance Treaty ("MLAT") request to the Central Authority of Lithuania (the "Lithuanian MLAT") requesting that Lithuanian authorities serve a notice letter regarding the forfeiture of Subject Account-1 on the account holder for Subject Account-1.[2] The notice letter also included a copy of the Verified Complaint and this Court's Individual Rules.

---

[2] Because many of the account holders for the Subject Accounts are located abroad, the Government has undertaken notice efforts through formal requests, made via Mutual Legal Assistance Treaties, to other countries.

8. On or about August 11, 2016, the Government received a response from the Central Authority of Lithuania stating, in sum and substance, that Lithuanian authorities were unable to serve the notice letter because there were no "records of registration of [the account holder for Subject Account-1] . . . in the Republic of Lithuania."

9. Based on documents obtained from Eurobank Cyprus, Ltd., the Government identified a second address for the "Registered address" and/or "Full address of the Head Office" for the account holder for Subject Account-1 in Daugavpils, Latvia. On or about October 25, 2016, the Government sent, via international FedEx, the notice letter, Verified Complaint and this Court's Rules to that second address for the account holder for Subject Account-1. According to information provided by Fed Ex, the notice letter and accompanying documents were delivered on or about November 10, 2016.

10. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file a claim based on the direct written notice sent to Latvia was December 15, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-1. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with the Court on behalf of any claimant with respect to Subject Account-1.

11. A redacted copy of the notice letter transmitted to the Lithuanian authorities and the relevant portion of the Lithuanian response and English translation as well as the FedEx delivery confirmation for the notice letter transmitted to the Latvia address is attached hereto as Exhibit C.

## SUBJECT ACCOUNT-2

12.     Based on documents obtained from Eurobank Cyprus, Ltd., where Subject Account-2 is located, I am aware that Moonbigtwo BV, the only known account holder associated with Subject Account-2 provided a mailing address in Drensteinturt, Germany.  On or about June 28, 2016, the Government transmitted a letter to the Central Authority in Germany via MLAT requesting that the German Authorities serve a notice letter regarding the forfeiture of Subject Account-2, along with the Verified Complaint and this Court's Rules, on Moonbigtwo BV, the only known account holder for Subject Account-2.

13.     On or about July 18, 2016, German authorities served the notice letter and accompanying documents on Moonbigtwo BV.  Proof of service from the German authorities, along with an English translation, is attached hereto as Exhibit D.

14.     The deadline to file claims based on the internet notice described above was June 20, 2016.  The deadline to file claims based on the direct notice provided above was August 22, 2016.  No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-2.  Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-2.

## SUBJECT ACCOUNTS-3 AND -4

15.     Based on documents obtained from Hellenic Bank in Cyprus, where Subject Accounts-3 and -4 are located, I am aware that Glendown Holding, Ltd., the only known account

7

holder associated with Subject Accounts-3 and -4[3] provided, as mailing address, a P.O. Box in Limassol, Cyprus.

16. On or about August 3, 2016, the Government served, via international FedEx, the notice letter, Verified Complaint and this Court's Rules, to the Cyprus address for Glendown Holding Ltd. FedEx, however, was unable to deliver that notice letter as "undeliverable."

17. Based on documents obtained from Hellenic Bank in Cyprus, the Government identified a second address for the "Registered Office Address" for Glendown Holdings Ltd in the British Virgin Islands ("BVI"). On or about August 16, 2016, the Government transmitted a letter to the Central Authority of BVI requesting that they serve the Government's notice letter, Verified Complaint and this Court's Rules, on Glendown Holding Ltd. in BVI.

18. On or about August 25, 2016, the Government received information from the authorities in BVI that they were able to serve the notice letter and accompanying documents at the Registered Office Address for Glendown Holding Ltd., the only known entity associated with Subject Account -5. A copy of the notice letter served by the authorities in BVI and proof of service as well as the attempted proof of service from FedEx is attached hereto as <u>Exhibit E</u>.

19. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice was September 29,

---

[3] Subject Accounts-3 and -4, although listed separately, reflect two currency components of the same bank account. Specifically, Subject Account-3 is the United States Dollar portion of the account, while Subject Account-4 is the Euro portion of the account.

8

2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Accounts-3 or -4. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Accounts-3 or -4.

### SUBJECT ACCOUNT-7

20. Based on documents obtained from Trasta Komercbanka in Latvia, where Subject Account-7 is located, I am aware that Deltaway Systems LP, the only known account holder associated with Subject Account-7, provided a mailing address in Edinburgh, Scotland. On or about May 18, 2016, the Government served, via international FedEx, a letter regarding the forfeiture of Subject Account-7, along with the Verified Complaint and this Court's Rules, on Deltaway Systems LP, the sole account holder for Subject Account-7. A copy of the notice letter served and proof of service from FedEx is attached hereto as Exhibit F and fully incorporated by reference herein.

21. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice described above was June 22, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-7. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-7.

### SUBJECT ACCOUNT-8

22. Based on documents obtained from Meridian Trade Bank in Latvia, where Subject Account-8 is located, I am aware that Burgenland AG Inc, the only known account holder

associated with Subject Account-8 provided a mailing address in Tortola, BVI. On or about May 26, 2016, the Government transmitted a letter to the authorities in BVI requesting that they serve a notice letter regarding the forfeiture of Subject Account-8, along with the Verified Complaint and this Court's Rules, on Burgenland AG Inc, the sole account holder for Subject Account-8.

23. On or about June 10, 2016, authorities in BVI served the notice letter and accompanying documents on Burgenland AG Inc. A copy of the notice letter served by the authorities in BVI and proof of service is attached hereto as Exhibit G.

24. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice described above was July 15, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-8. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-8.

## SUBJECT ACCOUNT-9

25. Based on documents obtained from Baltikum Bank AS in Latvia, where Subject Account-9 is located, I am aware that Nokletto Industries LTD, the only known account holder associated with Subject Account-9 provided a mailing address in Belize City, Belize. On or about July 7, 2016, the Government transmitted an MLAT request to the Central Authority of Belize requesting that authorities in Belize serve the Government's notice letter regarding the forfeiture of Subject Account-9 on Nokletto Industries LTD, the account holder for Subject Account-9. The notice letter also included a copy of the Verified Complaint and the Court's Rules.

26. On or about July 12, 2016, authorities in Belize served the notice letter and accompanying documents. A copy of the notice letter served by the authorities in Belize and proof of service is attached hereto as Exhibit H.

27. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice described above was August 16, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-9. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-9.

### SUBJECT ACCOUNT-10

28. Based on documents obtained from Reitumu Banka in Latvia, where Subject Account-10 is located, I am aware that Max Crown S.A., the only known account holder associated with Subject Account-10 provided a mailing address in the Republic of Panama. On or about June 13, 2016, the Government served, via international FedEx, a notice letter regarding the forfeiture of Subject Account-10, along with the Verified Complaint and this Court's Rules, on Max Crown, the account holder for Subject Account-10. A copy of the notice letter served and proof of service from FedEx is attached hereto as Exhibit I.

29. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice described above was July 18, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-10. Additionally, based on my review of the Court's docket as

confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-10.

## SUBJECT ACCOUNT-11

30. Based on documents obtained from Reitumu Banka in Latvia, where Subject Account-11 is located, I am aware that Fox Industries LTD, the only known account holder associated with Subject Account-11 provided a mailing address in Mahe, Seychelles. On or about May 18, 2016, the Government served, via international FedEx, a notice letter regarding the forfeiture of Subject Account-11, along with the Verified Complaint and this Court's Rules, on Fox Industries LTD, the account holder for Subject Account-11. A copy of the notice letter served and proof of service from FedEx is attached hereto as Exhibit J.

31. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice described above was June 22, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-11. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-11.

## SUBJECT ACCOUNT-12

32. Based on documents obtained from AB BND Bankas in Lithuania, where Subject Account-12 is located, I am aware that UAB Androna, the only known account holder associated with Subject Account-12 provided a mailing address in Vilniaus, Lithuania. As stated above, on or about June 15, 2016, the Government transmitted the Lithuanian MLAT to the Central

12

Authority in Lithuania requesting that the Lithuanian Authorities serve notice on UAB Androna.

33. On July 29, 2016, the Lithuanian authorities served a notice letter regarding the forfeiture of Subject Account-12, along with the Verified Complaint and this Court's Rules, on UAB Androna, the sole account holder for Subject Account-12. A copy of the notice letter served by the Lithuanian authorities and proof of service from the Lithuanian authorities, along with an English translation, is attached hereto as Exhibit K.

34. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice described above was September 2, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-12. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-12.

## SUBJECT ACCOUNT-17

35. Based on documents obtained from MKB Bank ZRT in Hungary, where Subject Account-17 is located, I am aware that Romantick Style Ltd., the only known account holder associated with Subject Account-17 provided a mailing address in London in the United Kingdom. On or about May 18, 2016, the Government served, via international FedEx, a notice letter regarding the forfeiture of Subject Account-17, along with the Verified Complaint and this Court's Rules, on Romantick Style LTD, the sole account holder for Subject Account-17. A copy of the notice letter served and proof of service from FedEx is attached hereto as Exhibit L.

36. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice described above was June 22, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-17. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-17.

### SUBJECT ACCOUNT-18

37. Based on documents obtained from Norvik Banka JSC in Latvia, where Subject Account-18 is located, I am aware that Ideals Solutions Group S.A., the only known account holder associated with Subject Account-18 provided a mailing address in Tortola, BVI. On or about June 13, 2016, authorities in BVI served a notice letter regarding the forfeiture of Subject Account-18, along with the Verified Complaint and this Court's Rules, on Ideal Solutions Group, the account holder for Subject Account-18. A copy of the notice letter served by the authorities in the British Virgin Islands and proof of service is attached hereto as Exhibit M.

38. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice described above was July 15, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-18. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-18.

## SUBJECT ACCOUNT-19

39. Based on documents obtained from Trasta Komercbanka in Latvia, where Subject Account-19 is located, I am aware that Privaled Construction, L.P., the only known account holder associated with Subject Account-19 provided a mailing address in Edinburgh Scotland. On or about May 18, 2016, the Government served, via international FedEx, a notice letter regarding the forfeiture of Subject Account-19, along with the Verified Complaint and this Court's Rules, on Privaled Construction, L.P., the account holder for Subject Account-19. A copy of the notice letter served and proof of service from FedEx is attached hereto as <u>Exhibit N</u>.

40. The deadline to file claims based on the internet notice described above was June 20, 2016. The deadline to file claims based on the direct written notice described above was June 22, 2016. No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-19. Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-19.

## SUBJECT ACCOUNT-20

41. Based on documents obtained from Trasta Komercbanka in Latvia, where Subject Account-20 is located, I am aware that Corwald Transit LP, the only known account holder associated with Subject Account-20 provided a mailing address in Edinburgh, Scotland. On or about May 18, 2016, the Government served, via international FedEx, a notice letter regarding the forfeiture of Subject Account-20, along with the Verified Complaint and this Court's Rules, on Corwald Transit LP, the account holder for Subject Account-20. A copy of the notice letter served

and proof of service from FedEx is attached hereto as Exhibit O.

42.   The deadline to file claims based on the internet notice described above was June 20, 2016.  The deadline to file claims based on the direct written notice described above was June 22, 2016.  No claims have been filed with the Government on behalf of any claimant with respect to Subject Account-20.  Additionally, based on my review of the Court's docket as confirmed through the Office of the Clerk of Court, no claims have been filed with Court on behalf of any claimant with respect to Subject Account-20.

## **PROCEDURAL BACKROUND**

43.   As detailed above and with respect to each of the Subject Accounts, the parties served with direct written notice are the only entities known by the United States to have any potential interest in the Subject Funds.

44.   In addition to direct written notice, and as detailed throughout, the Government published notice of the Verified Complaint against the Defendant in-rem, which includes the Subject Funds, on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, beginning on April 21, 2016 and continuing through May 20, 2016.  Proof of the aforementioned publication was filed with the Clerk of this Court on July 22, 2016. A true and correct copy of the proof of publication is attached hereto as Exhibit B.

45.   Through the internet publication and written notice procedures detailed herein, the Government has satisfied its notice obligations under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").  First, the Government provided direct notice to the legal representatives of the only known potential

claimants. *See* Rule G(4)(b)(iii)(B) ("Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."). Second, the Government complied with the notice by publication requirements of Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, by posting notice of the forfeiture of the Defendant in-rem, which includes the Subject Funds, on an official Internet government forfeiture site for at least 30 consecutive days.

46. No claims or answers have been filed or made in this action with respect to the Subject Funds, no parties have appeared to contest the action to date, and the requisite time periods to do so have expired. *See* 18 U.S.C. § 983(a)(4)(A) ("any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint"); Rule G(4)(b)(ii) (deadline for filing a claim is "at least 35 days after the notice is sent"); Rule G(5)(a)(ii)(B) ("if notice was published but direct notice was not sent to the claimant or the claimant's attorney, [a claim must be filed] no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site").

47. On September 30, 2016, the Clerk of the Court entered a Clerk's Certification, certifying that no party has filed a claim or answer or otherwise moved with respect

17

to the Subject Funds, and that the time to file a claim with respect to the Subject Funds has expired. A certified copy of the Clerk's Certification of Default is attached hereto as Exhibit P.

## RELIEF REQUESTED

48. Accordingly, the Government respectfully requests that pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure the Court enter a Final Judgment of Forfeiture for Certain Funds with respect to the Subject Funds, as described above. A proposed Judgment is attached hereto as Exhibit Q.

49. There has been no prior application for the relief sought herein. I affirm the foregoing to be true and correct pursuant to Title 28, United States Code, Section 1746.

Dated: New York, New York
       December 21, 2016

_____
EDWARD B. DISKANT
Assistant United States Attorney